1

2

3

4

5

6

7

8              **IN THE UNITED STATES DISTRICT COURT**

9              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11     JOSE B. ZAVALA,                          No. CIV S-11-2475-KJM-CMK-P

12                  Plaintiff,

13          vs.                                 <u>ORDER</u>

14     MICHAEL D. McDONALD, et al.,

15                  Defendants.

16     _____/

17              Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18     42 U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 1).

19              The court is required to screen complaints brought by prisoners seeking relief

20     against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

21     § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22     malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23     from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24     the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

25     statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

26     This means that claims must be stated simply, concisely, and directly.  <u>See</u> <u>McHenry v. Renne</u>,

1

84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: Michael D. McDonald, warden; R. Gower, chief deputy warden; D. Davey, facility captain; R. Gamberg, correction lieutenant; and D. Vanleer, correctional lieutenant.  Plaintiff alleges generally that his rights were violated when he was placed on lock-down status stemming from "unsubstantiated claims of gang involvement."

Plaintiff claims generally:

> High Desert State Prison is regarded as an institution that functions autonomously to the rest of CDCR.  It is very common to hear staff at HDSP state that, "This is High Desert, and we do what we want."  There are numerous investigations and allegations currently against the staff here and the Sacramento Bee has went so far as to do an investigative article about this specific institution.

According to plaintiff, on October 6, 2009, he was removed from the general population and placed in the Facility B Building 2, which plaintiff states is used for administrative segregation, "and left without clothes."  He alleges that this was part of an "illegal investigation" in which he and other inmates were "rounded-up" in this manner.  He states that, after 45 minutes in the cold, he and the other inmates were taken into the dining hall.  Plaintiff states that the prison administration was attempting to single out active participants in a prison gang known as "2-5."  After two hours, staff presented each inmate with a "property receipt" to

2

1   sign.  Plaintiff was told that all of his property would be "donated" if he refused to sign the
2   receipt.  He states that he was then housed in "B2" without any documentation as to why he was
3   being placed in administrative segregation.

4           Plaintiff claims that he was left without the necessities of personal hygiene.  When
5   he asked correctional staff for such items as soap and toilet paper, he was told: "Captain Davey
6   told us not to give you guys shit, because you don't have shit coming."  According to plaintiff,
7   after three days he was finally provided soap, a toothbrush, and tooth powder.  Plaintiff also
8   states that he was denied access to his personal property, including necessary asthma medication,
9   for two months.  He states that his asthma inhaler was returned two months later only after his
10  relatives filed grievances on his behalf.  Plaintiff claims that he was not released from
11  administrative segregation until June 2010.  He states that for the entire time he was in
12  administrative segregation, he was never provided any hearing and no investigation was
13  conducted.

14          Plaintiff alleges a violation of his due process rights in connection with his
15  placement in administrative segregation without notice or an opportunity to be heard.  He also
16  alleges a Eighth Amendment violations arising from the conditions of his confinement in
17  administrative segregation.

18

19                          **II.  DISCUSSION**

20          Plaintiff has named as defendants those supervisory personnel he alleges are
21  responsible for his improper placement in administrative segregation and the unconstitutional
22  conditions of confinement he says he experienced.   Supervisory personnel are generally not
23  liable under § 1983 for the actions of their employees.  See Taylor v. List, 880 F.2d 1040, 1045
24  (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983).  A supervisor
25  is only liable for the constitutional violations of subordinates if the supervisor participated in or
26  directed the violations.  See id.  The Supreme Court has rejected the notion that a supervisory

1  defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional

2  conduct because government officials, regardless of their title, can only be held liable under

3  § 1983 for his or her own conduct and not the conduct of others.  See Ashcroft v. Iqbal, 556 U.S.

4  662, 129 S.Ct. 1937, 1949 (2009).  Supervisory personnel who implement a policy so deficient

5  that the policy itself is a repudiation of constitutional rights and the moving force behind a

6  constitutional violation may, however, be liable even where such personnel do not overtly

7  participate in the offensive act.  See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir.

8  1991) (en banc).

9          When a defendant holds a supervisory position, the causal link between such

10  defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v.

11  Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir.

12  1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel

13  in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

14  Cir. 1982).  "[A] plaintiff must plead that each Government-official defendant, through the

15  official's own individual actions, has violated the constitution."  Iqbal, 129 S.Ct. at 1948.

16          As indicated above, the supervisory defendants named in this case cannot be liable

17  merely because they are supervisory personnel.  Rather, plaintiff must allege that these

18  defendants implemented a policy which was so deficient that it constituted a repudiation of his

19  constitutional rights.  Given plaintiff's general allegation that High Desert State Prison is run as

20  an autonomous entity, it appears that plaintiff may be attempting to make such an allegation.

21  Allegations of the involvement of supervisory personnel, however, must be specific.  Conclusory

22  or vague allegations are insufficient.  Such is the case here.  While plaintiff has generally

23  indicated that there are improprieties in the way High Desert State Prison is being run, he has not

24  specifically alleged how the named defendants are responsible.  He has not identified any specific

25  policy instituted by any supervisory defendant which caused the constitutional violations of

26  which he complains.  Plaintiff will be provided an opportunity to amend.

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

/ / /

/ / /

/ / /

/ / /

1    Accordingly, IT IS HEREBY ORDERED that:

2        1.    Plaintiff's complaint is dismissed with leave to amend; and

3        2.    Plaintiff shall file a first amended complaint within 30 days of the date of

4    service of this order.

5

6    DATED:  January 12, 2012

7

8                                    CRAIG M. KELLISON
                                     UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26