IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE B. ZAVALA, | No. 2:11-CV-2475-KJM-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| MICHAEL D. McDONALD, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's first amended complaint (Doc. 11).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne,

1  84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied
2  if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon
3  which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must
4  allege with at least some degree of particularity overt acts by specific defendants which support
5  the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is
6  impossible for the court to conduct the screening required by law when the allegations are vague
7  and conclusory.

8         Plaintiff alleges generally that his rights were violated when he was placed on
9  lock-down status stemming from "unsubstantiated claims of gang involvement."  Plaintiff
10 claims:

> High Desert State Prison is regarded as an institution that functions autonomously to the rest of CDCR.  It is very common to hear staff at HDSP state that, "This is High Desert, and we do what we want."  There are numerous investigations and allegations currently against the staff here and the Sacramento Bee has went so far as to do an investigative article about this specific institution.

15 Plaintiff alleges a violation of his due process rights in connection with his placement in
16 administrative segregation without notice or an opportunity to be heard.  He also alleges Eighth
17 Amendment violations arising from the conditions of his confinement in administrative
18 segregation.

19         As explained in more detail in the accompanying order, plaintiff was granted
20 leave to amend in order to allege facts to show the specific involvement of the named defendants,
21 all of whom are supervisory personnel.  In the amended complaint, plaintiff failed to do so for
22 defendant Gower, as to whom there are no allegations of specific conduct.  The court now
23 recommends that defendant Gower be dismissed from this action, which should proceed as
24 against defendants McDonald, Davey, Gamberg, and Vanleer only.
25 / / /
26 / / /

...

Based on the foregoing, the undersigned recommends that defendant Gower be dismissed from this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  June 25, 2012

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE